IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



**JANET LUCERO,**

       **Plaintiff,**

v.                                               **CIV No. 08-634** *LH/LFG*

**ALBERTSON'S LLC, RUEBEN**
**TRUJILLO, and CHRISTINE GRADO,**

       **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court for consideration of three motions:  Plaintiff's Motion to Remand to State Court, and Supporting Brief (Docket No. 8); Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 4); and Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Damages for Retaliation [and] Intentional Infliction of Emotional Distress (Docket No. 24).  All three Defendants filed a response to the motion to remand on September 8, 2008 (Docket No. 19).  Plaintiff did not file a reply brief on this issue, and the time to do so has expired.  The Court granted Plaintiff leave to file an untimely response to Defendants' motion to dismiss the first amended complaint.  The Court has received and reviewed this response as well as Defendants' reply to it.

The Court, having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, finds that Plaintiff's claim for intentional infliction of emotional distress is **hereby dismissed without prejudice** and that Plaintiff's retaliation claim is hereby

1

**remanded** to the Sixth Judicial District Court, County of Grant, State of New Mexico.

## I.  Procedural Background

On May 19, 2008, Plaintiff filed a "Complaint for Damages for Breach of Covenants of Good Faith and Fair Dealings, Retaliation, Violation of Fals [sic] Claims Act, Intentional Infliction of Emotional Distress and Bad Faith." This Complaint was filed in the Sixth Judicial District Court, County of Grant, State of New Mexico. A summons, issued only to Defendant Albertson's LLC was executed on June 6, 2008.  Contrary to state rule N.M.R.A. 1-004(L), the court file contains no return of service of the complaint.  It is impossible to discern from the record when Defendant Albertson's received the initial pleading in this case.

Defendant Albertson's LLC ("Albertson's") filed a Notice of Removal in this Court on July 7, 2008 (Docket No. 1).  This Notice contains a Certificate of Service which indicates that it was served electronically upon Plaintiff's counsel on July 7, 2008.  The Notice alleges that it was filed within 30 days of Albertson's receipt of the initial pleading in this case, however as noted above, the date of Albertson's receipt of service of the complaint is not established in the Court record. The Notice of Removal asserts that this Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, based upon Plaintiff's claim under the False Claims Act, 31 U.S.C. §§ 3729-3731. Paragraph 21 of the Notice states that because "this matter is being removed on the grounds of federal question jurisdiction, the consent of the individual defendants is not necessary." Indeed, neither Defendant Trujillo nor Defendant Grado consented to removal of this case to federal court. On July 11, 2008, defense attorney Thomas L. Stahl entered his appearance on behalf of all three named defendants (Docket No. 3).

On July 28, 2008, Defendants filed a motion to dismiss the original complaint (Docket No.

4). On August 25, 2008, 49 days after the Notice of Removal was filed, Plaintiff's Motion to Remand to State Court and Supporting Brief (Docket No. 8) were filed, as was Plaintiff's response to the motion to dismiss (Docket No. 10). On September 8, 2008, all three defendants filed a response to the motion to remand (Docket No. 19), as well as a reply brief on the motion to dismiss issue (Docket No. 18). Plaintiff filed a first amended complaint on September 24, 2008 (Docket No. 22), which neither contained claims under the False Claims Act, nor for breach of good faith and fair dealing and bad faith. On October 3, 2008, Defendants filed a motion to dismiss the first amended complaint (Docket No. 24). Plaintiff's response was filed on November 24, 2008, and the reply brief was filed on December 4, 2008.

## II. Legal Discussion

### A. Was This Case Properly Removed?

Section 28 U.S.C. § 1446(b) requires that the Notice of Removal be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based. The Court is troubled that the record does not reflect when the time for filing the Notice of Removal began, because, as above-noted, the court file contains no return of service. Consequently the Court is unable to determine whether or not Defendant Albertson's Notice of Removal was timely filed. What the Court is able to determine however, is that the Notice of Removal, filed in this Court on July 7, 2008, contains a Certificate of Service, which indicates that Sherry J. Tippett, attorney for Plaintiff, was electronically served on July 7, 2008 with the Notice of Removal. Four days later, on July 11, 2008, defense attorney Thomas L. Stahl entered his appearance on behalf of Defendants Albertson's, Rueben Trujillo and Christine Grado.

3

The Plaintiff's motion to remand was not filed until August 25, 2008, 49 days after the Notice of Removal was filed. Pursuant to 28 U.S.C. § 1447(c), a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. Plaintiff's motion to remand was filed 19 days late, pursuant to this statute.

As above-stated, it is impossible for the Court to determine whether or not the Notice of Removal was timely filed, and clearly all three defendants did not join in the removal notice. Each of these is what is considered to be a "procedural defect." *See* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.41[1][c][ii][B] ("A notice of removal that is filed after the 30-day time period is procedurally defective. Similarly, as a general rule, the failure of all the defendants to join in the removal notice . . . constitutes a procedural defect.")(footnotes and citations omitted). Both of these defects were, however, waived by Plaintiff's failure to object to them within 30 days. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998)(any defect in the removal process other than the lack of subject-matter jurisdiction must be raised within thirty days or be forfeited). Because Plaintiff's motion to remand was untimely to raise any procedural defects under 28 U.S.C. § 1447(c), this Court is not authorized under this section to remand based on the procedural defect raised by Plaintiff – that of lack of unanimous consent to removal.

Defendant Albertson's argues that the propriety of removal is judged on the complaint as it stands at the time of removal. This is accurate. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991). The Court concludes that, based upon the content of the original complaint which included a federal claim, coupled with Plaintiff's waiver of objection to the procedural problems in this removal process, this matter was properly removed.

**B. Does The LMRA Preempt the State Tort Claims?**

4

Plaintiff also argues in favor of remand that this Court lacks subject matter jurisdiction because no federal question remains in the case. The Court will consider this argument, despite the fact that Plaintiff's motion to remand was filed more than 30 days after the filing of the notice of removal, because this argument is jurisdictional in nature.

In her remand motion, Plaintiff states that she has withdrawn her claim under the False Claims Act, as well as her claims for breach of good faith and fair dealing and bad faith, leaving only claims of retaliation and intentional infliction of emotional distress ("IIED"). Plaintiff contends that these two remaining claims are state law claims, and as such, must be heard in state court. Defendants argue against remand on the basis that these two claims are tort claims that are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

In fact it was not until four days *subsequent* to the filing of the motion to remand, that Plaintiff filed a first amended complaint (Docket No. 21). Indeed, this amended version does not contain two counts that were in the original complaint -- those for violation of the False Claims Act and claims for breach of good faith and fair dealing and bad faith. The Court construes this change in pleading to be a withdrawal of all claims except those now contained in the first amended complaint, *i.e.,* claims for retaliation and intentional infliction of emotional distress.

Before proceeding further in this analysis, the Court will decide whether or not Plaintiff's amended complaint, which was filed without leave of Court, was properly filed. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served." The term "responsive pleading" contemplates a substantive response to the allegations in the complaint. A motion to dismiss, for example, does not cut off a plaintiff's right to amend without leave of court. *See James v. Hurson Assocs. Inc. v. Glickman,* 229 F.3d 277, 283 (D.C. Cir. 2000). Similarly, the removal petition did not serve to cut

off Plaintiff's right to amend her complaint once as a matter of course.  In summary, this amended complaint was filed as a matter of right, without leave of the court or consent of opposing parties, because it was filed before Plaintiff received a responsive pleading to the original version of the complaint.

Given the propriety of the filing of the first amended complaint, it is clear that only the claims of retaliation and IIED remain before the Court, and that the claims that formed the basis for removal based on federal question jurisdiction are now gone.  All that remains of Plaintiff's case are general allegations that Plaintiff's supervisor became hostile and disrespectful to her and treated her differently from other similar employees; punished her by giving her additional work and duties, setting up impossible tasks during her shift, cutting hours from her schedule, and berating, harassing and humiliating her in public and before other employees; and, that this hostile work environment occurred from 2002 to the present. Count I, entitled "Wrongful Retaliation," alleges that Defendants "wrongfully disciplined Plaintiff in response to her unwillingness to take her own car to deliver donuts and because she repeatedly voiced her concern that the expirations dates of goods had been improperly changed in violation of store policy and that baked goods had been frozen, thawed and refrozen[.]"  First Amended Complaint ("FAC") at ¶ 26.  Plaintiff alleges that Defendants' complaints against her work were pretextual. *Id.* at ¶ 27. The next (unnumbered) count asserts a claim for IIED.

Defendants argue that resolution of these state-law claims is substantially dependent upon the analysis of the terms of a Collective Bargaining Agreement ("CBA") which, they argue, covered the terms and conditions of Plaintiff's employment at Albertson's.  Defendants' contention that these two claims fall under §301 of the LMRA is pursuant to the "complete preemption" doctrine corollary to the "well pleaded complaint" rule. *See Caterpillar Inc. v. Williams,* 482 U.S. 386

(1987).

Plaintiff counters with the argument that these two claims are independent of the CBA and of the grievance procedure, that they are not brought under the CBA, and that the existence of the CBA is irrelevant to these purely state law claims. Plaintiff contends that these two claims are not "inextricably intertwined" with the interpretation of the terms of the CBA, and that therefore preemption under § 301 of the LMRA is not applicable.

### 1. Claim for Intentional Infliction of Emotional Distress

Although the amended complaint raises only state law claims, Defendants assert federal question jurisdiction under the complete preemption doctrine. *Caterpillar* at 393. Under the complete preemption doctrine, federal courts may exercise federal question jurisdiction over complaints that present state law claims that are preempted by federal law. *Id.*

Section 301 provides:

> Suit for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The Supreme Court has made clear that the preemptive effect of § 301 is not limited to state claims alleging violations of labor contracts, but can include tort claims relating to what the parties to a labor agreement agreed and any legal consequences that were intended to flow from a breach of that agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). A state law claim is preempted by § 301 when its resolution depends upon the meaning of the CBA, *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988), or when resolution of the state law claim is

7

"inextricably intertwined" with the terms of the CBA. *Allis-Chalmers Corp.*, 471 U.S. at 213.

Under New Mexico law, to establish her claim of intentional infliction of emotional distress, Lucero must prove, *inter alia*, that "the conduct in question was extreme and outrageous." *Trujillo v. Northern Rio Arriba Elec. Co-op, Inc.*, 131 N.M. 607, 616 (2001). The Tenth Circuit has "repeatedly" held that an employee's outrageous conduct claim is preempted by § 301 because "the outrageousness of [the] supervisor's conduct could not be evaluated without resort to the collective bargaining agreement, and because the state tort did not create an independent method of measure when an employer's work-related conduct is outrageous." *Mowry v. United Parcel Service*, 415 F.3d 1149, 1157 (10th Cir. 2005) *quoting Steinbach v. Dillon Cos., Inc.*, 253 F.3d 538, 541 (10th Cir. 2001). Whether or not Defendants' conduct was outrageous requires construction of the parties' rights and obligations under the CBA. Accordingly, this claim is preempted by § 301.

Where the complaint does not properly plead any claims under the LMRA, dismissal without prejudice is the appropriate disposition for preempted claims. *See Allis-Chalmers Corp.*, 471 U.S. at 220-221; *Garley v. Sandia Corp.*, 236 F.3d 1200, 1215 (10th Cir. 2001). Because the amended complaint makes no claims under the LMRA, Plaintiff's IIED claim will be dismissed without prejudice.

### 2.  Claim for Retaliation

Plaintiff's remaining claim is for "wrongful retaliation." As a basis for her wrongful retaliation claim, Plaintiff alleges that she was wrongfully disciplined. FAC at ¶ 26. Plaintiff alleges damages "including job responsibilities, earning capacity, loss of employment advancement and damage to reputation." *Id.* at ¶ 28. Defendants argue that Section 4 of the CBA governs employee discipline and discrimination, making this a claim under § 301 of the LMRA, for violation

of the CBA. Accordingly, Defendants argue, this wrongful retaliation claim is a claim under federal labor law and is preempted by § 301 because it requires interpretation of Section 4 of the CBA.

When evaluating whether a retaliation claim is preempted, the court "must draw an important distinction between [the employer's] contractual rights to take the actions it did and the *motivations* behind them." *Mowry*, 415 F.3d at 1156 (emphasis in original). "So long as the state law cause of action is concerned not with the employer's contractual right to discharge the employee, but rather with its motives in exercising that right, the CBA is not relevant and preemption does not apply." *Id.*

The Court concludes that this retaliation claim is not concerned with Defendants' contractual rights, but rather with *their* motives; accordingly *the* CBA is not relevant and preemption does not apply.   Under the complete preemption doctrine, federal courts may exercise federal question jurisdiction over complaints that present state law claims that are preempted by federal law. *Williams*, 482 U.S. at 393. This retaliation claim is not preempted by federal law, and accordingly, this Court may not exercise federal question jurisdiction over this state law claim on this basis.

Because this retaliation claim is a pendent state law claim and because there is no claim now before the Court over which it has original jurisdiction, the Court, in its discretion, declines to exercise its supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). This decision is a matter of judicial discretion that takes into consideration comity, judicial efficiency, convenience, possible foreclosure of this claim under the statute of limitations, and fairness to the litigants. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). This remand to state court will accommodate the original choice of forum by the Plaintiff; all federal-law claims have dropped out of the lawsuit in its early stages, and only this one state law claim remains. Rather than dismissing this claim without prejudice, under these circumstances, the Court will remand this single claim to state court. *See*

9

*Albertson's, Inc. v. Carrigan*, 982 F.2d 1478, 1480-83 (10th Cir. 1993). This retaliation claim shall be remanded to the Sixth Judicial District Court, County of Grant, State of New Mexico.

**WHEREFORE, IT IS HEREBY ORDERED THAT** Plaintiff's claim for intentional infliction of emotional distress is **hereby dismissed without prejudice** and that Plaintiff's retaliation claim is hereby **remanded** to the Sixth Judicial District Court, County of Grant, State of New Mexico.

**IT IS FURTHER ORDERED** that nothing further remains for adjudication in this Court, and that this case shall be **dismissed from this Court.**

**IT IS SO ORDERED.**

_____

**SENIOR UNITED STATES DISTRICT JUDGE**

10